# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN FORNARELLI,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-393-MJR** |
| ) | |
| **SARA REVELL,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge one aspect of his sentence stemming from his 1997 conviction in the United States District Court for the Western District of Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner was convicted of violating 21 U.S.C. § 846; he was sentenced to 162 months imprisonment followed by an eight-year term of supervised release, pursuant to 18 U.S.C. § 3583(a). It is this term of supervised release that is the subject of this petition. He argues that imposition of

supervised release constitutes double jeopardy, cruel and unusual punishment, and exceeds the jurisdictional authority of the sentencing court.

The forms required by this Court and used by Petitioner clearly indicate that 2241 is **not** to be used if Petitioner claims that his federal sentence, or any portion thereof, is unlawful.  However, that is exactly what Petitioner is attempting to do here.  If Petitioner wishes to attack his federal sentence, he must file a motion to vacate, set aside or correct sentence in the federal court which entered judgment.  *See* 28 U.S.C. § 2255.  Because this Court is not the federal court which entered judgment against Petitioner, this Court has no jurisdiction to address the merits of the instant petition.  Accordingly, this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 7th day of July, 2006.**

>                    **s/ Michael J. Reagan**
>                    **MICHAEL J. REAGAN**
>                    **United States District Judge**